SAVOIE, Judge.
Defendant, Randy Wayne Diggs, appeals his conviction and sentence of simple robbery in violation of LSA-R.S. 14:65.
In the early morning hours of August 12, 1984, defendant allegedly robbed Randall Brent Keller at knife point. Therein, approximately thirty dollars and a check for $112.00 were taken. Immediately after the robbery, the victim reported the incident to the Baton Rouge City Police. Based upon the description of the robber supplied to the police by the victim, two photographic lineups were conducted. During such lineups, the victim identified defendant’s picture without hesitation, indicating that he was the robber. Based thereon, an arrest warrant issued for defendant. Thereafter, defendant was arrested and charged by bill of information with armed robbery in violation of LSA-R.S. 14:64.
Defendant subsequently pled not guilty and was tried by jury. After said trial, defendant was found guilty of simple robbery in violation of LSA-R.S. 14:65. He appeals, contending that the trial court erred in:
1. Denying defendant’s motion to suppress the photographic lineup,
2. Admitting photographs into evidence over defense counsel’s objection,
3. Denying defendant’s motion for a mistrial based upon a statement made by the prosecution,
4. Denying defendant’s motion for a mistrial based upon the trial court’s Allen or “dynamite” charge to the jury,
5. Failing to follow statutory sentencing guidelines and by imposing an excessive sentence, and
6. Not finding the verdict contrary to the law and/or the evidence.
Because we find merit in defendant’s assignment of error No. 4, we pretermit any discussion of the other assignments of error.
ASSIGNMENT OF ERROR NO. 4
Defendant contends that the trial court erred in denying his motion for a mistrial based upon its having given a prohibited, modified Allen, or “dynamite” charge to the jury. In Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896), the Supreme Court concluded that an admonition to the minority members of the jury to re-examine the reasonableness of their position and to de-emphasize holding on to their individual convictions in view of the majority members’ position was not prohibited. Since that time, the courts have expressly disapproved of the use of said charge. Following said move, our Supreme Court in State v. Nicholson, 315 So.2d 639 (La.1975), held that the use of the “Allen” charge or any coercive modification thereof was henceforth banned. Therein, the Court stated:
In the course of giving its instruction, the trial court admonished the jurors that if a majority favor conviction, the minority should consider whether their doubts are reasonable, since they make no effective impression upon the minds of “ * * * so many equally honest, equally intelligent fellow jurors. * * * ” Like *1052 wise, the court instructed that if a majority or a lesser number favor acquittal, the other jurors should ask themselves whether they do not have reason to doubt the correctness of a judgment not concurred in “ * * * by many of their fellow jurors * * * ” (Emphasis here and elsewhere supplied.) This portion of the charge we find untenable on two counts. First, such a charge virtually insures jury confusion; it urges those favoring conviction or acquittal to discount their views if they are in the minority or in a bare majority. Thus, the instruction is clearly an attempt to avoid the coercive effect of admonition of only the minority and to achieve a balanced charge. Such a charge is so difficult to comprehend that, as indicated in United States v. Fioravanti, supra, [412 F.2d 407 (1969) ], it is “ * * * an invitation to a frolic with Alice in Wonderland.” Second, by framing the charge in such a way as to encourage majority consideration of minority views only when the minority view is held “ * * * by many of their fellow jurors, * * * ” the court’s charge fails in its balancing attempt and in effect urges conformity with majority (or near majority) views, clearly discrediting the positions of members of the minority if the minority is less than substantial. “ * * * When efforts to secure a verdict from the jury reach the point that a single juror may be coerced into surrendering views conscientiously entertained, the jury’s province is invaded * * * ” United States v. Thomas, supra, 449 F.2d 1177 (1971) at 1181.
State v. Nicholson, 315 So.2d at 642.
Further, it stated:
In disapproving the use of the modified “Allen charge” in this case and in prohibiting the future use of a verbatim “Allen charge” or any modification which contains the coercive elements we have discussed in this opinion, we note that the Louisiana courts have functioned adequately for the eighty years since the United States Supreme Court’s decision in Allen without apparent resort to the coercive method inherent in that charge. We do not believe that the use of such a coercive procedure should be approved now, at a time when jurisprudential and scholarly disapproval appears to approach universality.
State v. Nicholson, 315 So.2d at 643.
Herein, the trial court gave the jury the following charge:
Let me read a couple of things to you that might aid you in this matter. Although the verdict must be the verdict of each individual juror and not a mere acquiescence in the conclusion of others, you should examine the issue submitted with candor and with a proper regard in deference to the opinions of each other. It is your duty to decide this case if you can conscientiously. You should listen with a disposition to be convinced to each others’ arguments. The very object of the jury system is to secure a verdict by a comparison of views, by arguments among the jurors themselves. If much the larger number of the jurors are of the opinion — are of one opinion, a dissenting juror should consider whether his or her opinion is reasonable in view of the fact that his or her opinion made no impression upon the minds of equally honest and equally intelligent people. Again, I instruct you that it is your duty to decide this case — in other words, reach a verdict — but only if you can conscientiously do so.
To this charge, defendant objected noting that a so-called “dynamite” charge was being given. The trial court then referred to said instruction as an “Allen charge.” We find that the trial court’s charge, a modified “Allen charge,” contains that very language prohibited in State v. Nicholson, supra. Accordingly, we find that the trial court erred in failing to grant defendant’s motion for a mistrial based upon its giving of the prohibited “Allen charge.” Based upon the above and foregoing, defendant’s conviction and sentence are hereby reversed and the case is remanded for a new trial.
REVERSED AND REMANDED.